**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FMC CORPORATION** | : | **CIVIL ACTION** |
| | : | |
| Plaintiff, | : | |
| | : | |
| **v.** | : | |
| | : | |
| **SHARDA USA LLC** | : | **NO. 24-2419** |
| | : | |
| Defendant. | : | |

**Perez, J.** **July 30, 2026**

## MEMORANDUM

Before the Court is Plaintiff FMC Corporation's ("FMC") Motion for Leave to File Second Amended Complaint. Defendant Sharda USA, LLC ("Sharda") opposes the motion, arguing FMC's 18-month delay in seeking leave to amend was undue and that it will be prejudiced if amendment is allowed. FMC seeks leave to amend only its existing copyright infringement claim to ensure that both copyrights it holds and referenced in the Amended Complaint ("FAC") are included. FMC learned Sharda interpreted the allegations in the FAC to exclude the earlier copyright only in January 2026 while the parties were engaging in settlement negotiations. At that time the case was stayed. FMC filed the instant motion less than one month after the stay was lifted. When FMC filed this motion, no scheduling order had been issued and discovery had not yet begun. Dispositive motions are not due for nearly four months, and trial is scheduled to begin in roughly nine months. The parties have ample time to engage in fact and expert discovery into the claims related to the earlier copyright. For these reasons and the reasons discussed herein, the Court finds FMC did not unduly delay in seeking leave to amend and Sharda will not be unduly prejudiced if the motion is granted.

## I. Background

FMC holds two patents for insecticides and miticides: U.S. Patent Nos. 9,107,416 ('416 Patent) and 9,596,857 ('857 Patent) (collectively, Asserted Patents). *FMC Corp. v. Sharda USA, LLC*, 145 F.4th 1326, 1328 (Fed. Cir. 2025). FMC sued Sharda for infringement of the Asserted Patents based on Sharda's sale of WINNER, an insecticide. *See id.* In addition to infringing the Asserted Patents, FMC contends WINNER's product label infringes FMC's registered copyrights in its HERO® product labels. *See* FAC ¶¶ 38–47, 148–57, ECF No. 29.

FMC has obtained two registered copyrights applicable to HERO's labels: Copyright Registration TX 9-402-245 (the '245 Copyright) covering the 2021 publication version of its label, and Copyright Registration TX 6-953-720 (the '720 Copyright) covering the 2006 publication version of its label. Am. Compl. ¶ 12, ECF No. 29. FMC has possessed the '720 Copyright since February 11, 2009. SAC ¶ 12, ECF No. 103-2. The Amended Complaint ("FAC") names both registrations and attaches the '245 Copyright as Exhibit D. However, it also alleges:

> On June 21, 2024, with an effective date of registration of June 20, 2024, the United States Copyright Office duly and legally issued a Copyright Registration, **TX 9-402-245 (the "Asserted Copyright")**, entitled "Hero Insecticide," covering the 2021 publication version of the label for FMC's HERO® insecticide product. A copy of the Asserted Copyright is attached as Exhibit A. **The Asserted Copyright registration excludes material from the 2006 publication version of FMC's HERO® insecticide product, which is the subject of Copyright Registration, TX 6-953-720,** also entitled "Hero Insecticide."

*Id.* ¶ 12 (emphasis added). FMC contends that Sharda's WINNER label infringes both copyrights and that the FAC incorporates the '720 Copyright because the '245 Copyright is derivative. FMC's Mot., ECF No. 103 at 2–3. Sharda, however, disputes that the '720 Copyright is at issue, arguing that paragraph 12 of the FAC affirmatively excludes it. Sharda's Opp., ECF No. 98 at 2.

FMC learned of this dispute in January 2026 during settlement negotiations. ECF No. 103 at 6. FMC now seeks leave to amend to more explicitly allege that its copyright infringement claim (Count III) is based on both the '245 and '720 Copyrights. FMC attaches a proposed Second Amended Complaint ("SAC") and a redlined comparison of the FAC and SAC. ECF Nos. 103-2 & 103-3. It also attaches to the SAC copies of the '720 Copyright Registration as Exhibit D, ECF No. 103-2 at 55–56, and the '245 Copyright as Exhibit E, ECF No. 103-2 at 57–60. *See* ECF No. 103-3 at 4–5.

**II. Procedural History**

Sharda's opposition turns on undue delay and prejudice. The procedural history of this matter is helpful to contextualize both issues.

FMC filed this lawsuit on June 4, 2024, ECF No. 1, and amended its complaint on July 26, 2024, ECF No. 29. Also on July 26, 2024, FMC moved for a temporary restraining order, which the Court granted on August 16, 2024. ECF Nos. 40, 41. On August 30, 2024, Sharda answered the FAC. ECF No. 44. On September 13, 2024, Sharda filed a notice of appeal of the preliminary injunction order. ECF No. 46.

On November 27, 2024, the Court ordered the case stayed pending the appeal. ECF No. 72. On August 1, 2025, the Federal Circuit vacated this Court's preliminary injunction and remanded for further proceedings. *FMC Corp.*, 145 F.4th at 1336. On September 16, 2025, FMC filed a combined petition for panel rehearing and rehearing en banc, which was denied on November 13, 2025. *See* Joint Status Report, ECF No. 89.

On November 28, 2025, the parties requested an additional stay of 45 days to pursue settlement through mediation. *Id.* On January 15, 2026, the parties jointly proposed a 45-day further stay to accommodate mediation, the first session of which was scheduled at the end of January 2026. ECF No. 91. During the January settlement negotiations, FMC learned of Sharda's

position that the FAC excluded the ’720 Copyright. ECF No. 103 at 6. The case remained stayed until March 2, 2026, when the parties indicated their settlement efforts were unsuccessful. ECF Nos. 93, 94.

On March 31, 2026, twenty-nine days after the stay was lifted, FMC moved for leave to file a second amended complaint. ECF No. 103. Also on March 31, 2026, the Court held a Rule 16 conference with the parties and issued a Scheduling Order. ECF No. 106. Sharda filed its opposition to the motion to amend on April 14, 2026. ECF No. 109. FMC filed a reply on April 21, 2026. ECF No. 110.

## III. Legal Standard

The court must generally grant leave to amend “unless equitable considerations render it otherwise unjust.” *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006); *see also* Fed. R. Civ. P. 15(a) (“The court should freely give leave when justice so requires.”). A court may be justified in denying leave to amend if the party opposing amendment shows “undue delay, bad faith, [or] futility.” *Id.*; *Cureton v. Nat’l Collegiate Athletic Ass’n*, 252 F.3d 267, 273 (3d Cir. 2001). “[P]rejudice to the non-moving party is the touchstone for the denial of an amendment.” *Mullin v. Balicki*, 875 F.3d 140, 150 (3d Cir. 2017) (quoting *Arthur*, 434 F.3d at 204). Sharda opposes FMC’s motion for leave to amend the FAC based on undue delay and unfair prejudice. *See* ECF No. 109.

## IV. Undue Delay

Sharda argues FMC unduly delayed by waiting nearly two years before moving for leave to add the ’720 Copyright, which it “affirmatively carved . . . out” in the FAC. ECF No. 109 at 4. FMC argues it did not unduly delay because it only learned of Sharda’s position concerning the ’720 Copyright in January 2026. Mot., ECF No. 103 at 6. FMC further asserts, aside from the time the case was on appeal and/or stayed, only seven weeks passed between Sharda’s Answer to the Amended Complaint and this Motion. *Id.*

A district court may not deny leave to amend based on delay alone. *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008). "However, at some point, the delay will become undue, placing an unwarranted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party." *Cureton*, 252 F.3d at 273 (cleaned up). The Court must, therefore, focus on FMC's reasons for not amending sooner, and balance those reasons against the burden of the delay. *Bjorgung*, 550 F.3d at 266 (affirming district court's denial of leave to amend where plaintiff was notified he sued the wrong entities but delayed seeking leave to amend for three and one half years, at which point defendants had moved for summary judgment).

It is true that FMC sought leave to amend over 21 months after initiating this lawsuit, or over 19 months after Sharda answered the FAC. However, FMC first learned of Sharda's position that the FAC excluded the '720 Copyright in mediation in January 2026. ECF No. 103 at 6. Upon learning Sharda's position, FMC did not immediately seek leave to amend because the case was stayed pending mediation. ECF Nos. 89 & 91. When their efforts to settle proved unsuccessful and the parties sought to lift the stay, FMC ensured its motion was filed the day of the parties' Rule 16 conference. ECF Nos. 103 & 106. Thus, the motion was filed before discovery began and well before any dispositive motions were filed.

This scenario is distinct from the two cases cited by Sharda. *Cureton* involved a motion to amend that was filed after the defendant was granted summary judgment. 252 F.3d at 272. *Brown v. Monsalud* involved a motion for leave to amend filed three years after the events supporting new claims against a new defendant, meaning the motion was filed after the statute of limitations for the proposed new claim had passed. No. 1:20-CV-849, 2022 WL 21757076, at *3 (M.D. Pa. Apr. 13, 2022), *R. & R. adopted*, 2022 WL 21757069 (M.D. Pa. June 6, 2022). Here, the parties are

nowhere near filing dispositive motions, nor does Sharda argue the statute of limitations has passed on FMC's copyright claim.

It is true that here, FMC knew of the ’720 Copyright before the outset of this litigation. However, that alone does not make FMC's delay undue. There is no argument that FMC waited to amend to more explicitly base its copyright infringement claim on the ’720 Copyright in bad faith or for any tactical advantage. FMC timely filed the motion after mediation failed and the stay was lifted. FMC's delay was not undue.

## V. Unfair Prejudice

Sharda argues the FAC affirmatively excluded the ’720 Copyright in paragraph 12, which identifies the ’245 Copyright as the "Asserted Copyright" and states that "[t]he Asserted Copyright registration excludes material from the 2006 publication version of FMC's HERO® insecticide product, which is the subject of [the ’720 Copyright], also entitled 'Hero Insecticide.'" ECF No. 109 at 5 (quoting FAC ¶ 12, ECF No. 29). Sharda further argues that throughout the FAC, FMC constrained its copyright infringement allegations to the "Asserted Copyright," a defined term that encompasses only the ’245 Copyright. *Id.* Thus, Sharda formulated its defense strategy on the understanding that the ’720 Copyright was not at issue, and allowing amendment "would require Sharda to reassess the entire scope of the copyright claim and prepare defenses to a registration that FMC itself excluded." *Id.* at 9.

FMC, by contrast, argues there is no unfair prejudice to Sharda because this motion was brought before discovery began and because Sharda has been on notice since FMC filed the FAC in July 2024 that the copyright claim concerns the HERO product label as a whole and the FAC discloses both copyrights.

"[S]ubstantial or undue prejudice to the non-moving party is a sufficient ground for denial of leave to amend." *Cureton*, 252 F.3d at 273 (defendant would be prejudiced by amendment after

summary judgment because it may require court to revisit class certification and lead to further discovery requests and significant new preparation, "essentially forc[ing defendant] to begin litigating this case again"). However, while Sharda will clearly be "prejudiced" by allowing FMC leave to amend (because Sharda will be unable to argue that FMC's copyright claim excludes the '720 Copyright), the question is whether that prejudice is "substantial" or "undue." *See id.* "A mere claim of prejudice is not sufficient; there must be some showing that [the defendant] was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990) (cleaned up).

Additionally, Fed. R. Civ. P. 15's "freely give leave" standard "ensures that a particular claim will be decided on the merits rather than on technicalities." *Dole*, 921 F.2d at 487 (no undue delay where motion sought to advance new theories 8 ½ months into litigation, after the parties engaged in settlement negotiations and discovery). "[T]he federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of Virgin Islands, Inc.*, 663 F.2d 419, 426 (3d Cir. 1981) (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957)) (affirming trial court's treatment of Government's opening statement at trial as amendment).

At this stage of the litigation, Sharda will not be unfairly disadvantaged or deprived of the opportunity to obtain or present evidence in support of its defense. Sharda will not need to relitigate any issues that were resolved or briefed before this motion was filed. Nor will amendment "put the defendants back at square one or perpetuate an infinite cycle" of amendments. *Mullin*, 875 F.3d at 157. Sharda's argument that it has formulated its litigation defense based on its interpretation of

the FAC as excluding the ’720 Copyright is not persuasive to this Court. Litigation strategies often change during the course of discovery and the fact that a party may need to adjust its litigation strategy due to amendment based on facts learned during discovery (or pre-discovery settlement negotiations) does not establish the type of undue prejudice that would overcome Rule 15’s “freely give leave” command. *E.g.*, *Dole*, 921 F.2d at 488 (no unfair prejudice where party would have to redraft summary judgment motion and conduct additional discovery).

Allowing amendment is consistent with the purpose of Rule 15’s freely give leave standard because it will ensure this case is resolved on the merits, and it will ensure judicial efficiency because the copyright claims can be resolved in a single case, rather than requiring FMC to bring a separate copyright infringement action based on the ’720 Copyright.

## VI. Conclusion

For the foregoing reasons, FMC’s Motion for Leave to File a Second Amended Complaint is granted. An appropriate order follows.